17603

J. R. REINHARDT, Respondent, v. STATE-RECORD COMPANY, Appellant

(112 S. E. (2d) 500)

Messrs. *William Elliott* and *Robinson, McFadden &*
*Dreher,* of Columbia, *for Appellant,*

Messrs. *Sapp, Jordan & Sapp, and McLeod & Single-*
*tary,* of Columbia, *for Respondent,*

Messrs. *William Elliott* and *Robinson, McFadden &*
*Dreher,* of Columbia, *for Appellant, in Reply,*

January 13, 1960.

TAYLOR, Justice.

This appeal arises out of two actions for libel brought in the Court of Common Pleas for Richland County and consolidated on motion of defendants.

Upon trial of the causes, the jury found for plaintiff the sum of $1,250.00 actual damages and $1,250.00 punitive damages in each case.

The articles complained of appeared in "The State" and the "Columbia Record" on December 10, 1955, as follows:

The State

"Hearings Set For D'Verle,
Reinhardt

"Columbia Magistrate Bryan H. Lumpkin has set preliminary hearings for two more of the seven defendants in the Capital Life Insurance fraud case for 3:30 Monday afternoon, December 19.

"The two requesting the hearing were J. R. Reinhardt and J. W. D'Verle. They are charged with conspiracy to violate a section of state law dealing with misstatements in insurance reports.

"Reinhardt was a state insurance department examiner when the alleged violation occurred last March 12. D'Verle was an agent of Guaranty Fire & Marine Insurance Co., which is charged in the case with being a conduit for a 'payoff' to State Insurance Commissioner D. D. ('Pat') Murphy and Bradley Layton, another former Guaranty official, already have had preliminary hearings and have been bound over to the grand jury.

"Also charged in the case are J. R. P. Farquhar, president of Guaranty, O. T. Hogan of Chicago, head of the

United Insurance Company which bought Capital Life here, and Paul Temple, a United official. Hogan and Temple are fighting extradition.

"The various warrants in the case charged that United paid Murphy $80,000.00 to misrepresent the financial status of Capital Life to its owners and force a sale for some $1,-000,000.00 less than it was worth."

Columbia Record
"Hearings Set In Insurance
Case Monday

"Two more defendants in the Capital Life Insurance Co. conspiracy case, J. R. Reinhardt and J. W. D'Verle, will receive preliminary hearings here Monday.

"Both are charged with filing false insurance reports in connection with the case. Reinhardt is a former State Insurance Department examiner. D'Verle was an agent for the Guaranty Fire & Marine Insurance Co. of Columbia, now in receivership.

"Two others charged in the case, former State Insurance Commissioner D. D. (Pat) Murphy and Bradley Layton, a former Guaranty officer, already have received preliminary hearings.

"Murphy, Layton and G. R. P. Farquhar, Guaranty president, along with two officials of the United Insurance Co. of Chicago, are charged specifically with conspiracy to defraud in the sale of the old Capital Life firm last year to United.

"The case will be presented to the Richland County grand jury next week."

The gravamen of the complaints was that the defendants maliciously with intent to injure plaintiff in his profession as an insurance accountant wrote and caused to be published newspaper stories relating to a criminal prosecution then pending known as "Capital Life Insurance Company—D. D. Murphy Case," said publications being reasonably calculated to mean that plaintiff was a defendant in the Capital

Life Insurance Company—D. D. Murphy Case, that he was charged by the State of South Carolina with having been a party and active participant in a scheme and conspiracy to defraud the Capital Life Insurance Company when in fact the defendants knew or should have known that plaintiff was not a defendant therein.

Defendants by way of answers denied that the publications were false; and alleged that at the time plaintiff had been arrested under a warrant charging him with being a party to a conspiracy to violate the laws of South Carolina by filing a false and fraudulent annual return of the affairs and financial condition of Guaranty Fire and Marine Insurance Company of which his co-accused, G. R. P. Farquhar, was president, and of which his other co-accused, J. W. D'Verle, was an agent, and that the affairs of Guaranty Fire and Marine Insurance Company were involved in and connected with the so-called "Capital Life Insurance Company—D. D. Murphy Case" referred to in the complaint; that on or about December 10, 1955, plaintiff requested a preliminary hearing on the conspiracy charge against him and that at a later date the preliminary was held, the plaintiff was bound over, was indicted on charges by the Grand Jury in April, 1956, and thereafter tried and acquitted.

In the campaign for the 1954 Democratic nomination for Governor in which Lester L. Bates, President of the Capital Life Insurance Company (Capital), was a candidate, an issue arose as to whether the Insurance Commissioner had been diligent in supervising the affairs of Capital and in ordering timely examinations. At that time the Governor directed that a new examination of the affairs of the company be had. Insurance Commissioner D. D. Murphy assigned a team headed by chief examiner J. R. Reinhardt to examine the affairs of Capital for the period ending December 31, 1953. The report of these examiners, critical in some particulars and indicating the need of substantial additional policy reserves, was filed about the time of the primary election held on June 8, 1954, in which primary

Mr. Bates was defeated. Soon after the primary it was announced that Mr. Bates had sold Capital to the United Insurance Company of Chicago (United).

Shortly after the resignation in August, 1954, of Mr. Murphy as Insurance Commissioner, the new Commissioner, Mr. R. Lee Kelly, and the Attorney General of South Carolina began an investigation into the circumstances surrounding the sale of Capital to United. Through the records of United the investigators learned that a brokerage or finder's fee of $80,000.00 or more had been paid by United in connection with its purchase of Capital.

In June of 1955, the Court of Common Pleas for Richland County placed the Guaranty Fire and Marine Insurance Company in the hands of Mr. Kelly as receiver. Through an examination of its records and the records of American and Foreign Management Company, which corporation managed Guaranty, shared with its offices and had the same president, George Farguhar, traces of this $80,000.00 brokerage fee were found. $40,000.00 of the fee, paid in debenture bonds, was traced to the books of American and Foreign Management Company. These bonds were carried to Havana, Cuba, to Mr. Alberto Maloret by George Farquhar, President of Guaranty and of American and Foreign, who was accompanied on the trip as far as Miami, Florida, by the plaintiff, J. R. Reinhardt. At a later time Assistant Attorney General Verner and Mr. A. C. Shorter of SLED obtained these bonds from Mr. Maloret in Cuba and brought them back to Mr. Kelly, as Receiver of the Guaranty Company.

As a result of these investigations, the Insurance Commissioner signed an affidavit and a warrant was issued by the Magistrate on July 16, 1955, charging former Insurance Commissioner D. D. Murphy, Mr. George Farquhar and Mr. Bradley Layton, officers of Guaranty, with conspiring to violate the law in that they used the powers of the Insurance Commissioner's office to force the Capital Life Stockholders to sell the company to United at considerably less

than its real value and to obtain for themselves substantial brokerage fees. On October 14, 1955, the Insurance Commissioner caused two additional warrants to be issued; one charging that O. T. Hogan and Paul Temple, officers of United, had conspired with Messrs. Murphy, Farquhar and Layton in forcing the sale of Capital, and the other charging George Farquhar and J. W. D'Verle, officers of Guaranty, and J. R. Reinhardt, chief examiner of the Insurance Department of South Carolina, with conspiring to file with the department a false and untrue report and statement of the affairs of Guaranty Fire and Marine Insurance Company. Immediately thereafter Mr. Reinhardt was discharged by Insurance Commissioner Kelly.

On the 9th of December, 1955, counsel for Mr. J. R. Reinhardt and Mr. J. W. D'Verle asked the Magistrate to set a preliminary hearing on the warrant charging them with conspiracy. The news reports of the action of Magistrate Lumpkin in setting these preliminary hearings are the subject of the two suits.

After the defendants in both cases were bound over by the Magistrate, Messrs. Murphy, Farquhar, Layton, Hogan and Temple were indicted by the Grand Jury in January, 1956, and Messrs. Murphy, Farquhar and Layton were tried and acquitted in November, 1956. The effort of the State of South Carolina to extradite Messrs. Hogan and Temple failed.

Messrs. Reinhardt, Farquhar and D'Verle were indicted in April of 1956 and were tried during the same month under a two-count indictment. Mr. George Farquhar pleaded guilty to filing a false return with the Insurance Department for Guaranty and Mr. D'Verle was convicted of filing a false return for Guaranty. On the second count, charging a conspiracy to file false returns for Guaranty, Mr. Reinhardt, Mr. Farquhar and Mr. D'Verle were all acquitted.

The warrant issued in July, 1955, at the behest of the State, charged that D. D. Murphy, while Insurance Com-

missioner, George Farquhar and Bradley Layton, officers of Guaranty Fire and Marine Insurance Co., and of its management company, American and Foreign, conspired to enrich themselves and to defraud Capital Life Insurance Co. by representing to the officers of Capital that Capital would be placed in receivership by Insurance Commissioner Murphy unless it was sold to United, with the result that Capital was sold to United at $1,000,000.00 less than its value. The warrant further charged that the three met secretly in the office of the Insurance Commissioner and in the office of the Guaranty Co. of Columbia and other places in the furtherance of the conspiracy; that they received the sum of $80,000.00 for bringing about the transaction; and that to conceal the distribution of this money it was carried through the books of American and Foreign, with part of it going to Mr. Alberto Maloret of Anglo-Cuban Insurance Company of Havana, Cuba, and part to the Lower Richland Bait Company owned by Murphy and Layton.

The articles complained of carried a correct account of the charges embodied in the warrants but plaintiff complains that the references therein to the Capital Life Case were reasonably calculated to mean that he was charged by the State with having been a party and participant in a scheme and conspiracy to defraud Capital Life Insurance Co. which is false and, therefore, libelous.

By reason of the prominence of some of the persons involved and the extensive operations throughout the State of the Capital Life Insurance Company, there was widespread publicity and "The Capital Life Insurance Fraud" or "The Capital Life Conspiracy Case" was already a celebrated case when the warrants were issued for Reinhardt, plaintiff, Farquhar and D'Verle. At that time warrant had been previously issued for George Farquhar, President of both Guaranty and American and Foreign, and Murphy, charging them with conspiring in connection with the sale of Capital in the office of Guaranty. The remains of the $80,000.00 brokerage fee paid in the sale of Capital were brought back by the At-

torney General to the Receiver of Guaranty in the form of $40,000.00 in debenture bonds, which in an effort to cover the transaction, had been carried by Farquhar to one Alberto Maloret of Anglo-Cuban Insurance Company of Havana, Cuba, and plaintiff, J. R. Reinhardt, had accompanied Farquhar on this mission as far as Miami, Florida. All of which were interrelated and connected with the Capital Life Case.

The warrants for the various persons including Reinhardt, D'Verle, and Farquhar arose out of and were part of the same investigation of the affairs of Guaranty as that which caused warrants to be issued for Murphy, Layton, Farquhar, Hogan, and Temple in connection with the sale of Capital Life. There were separate warrants, separate trials at different Terms of Court, but the entire matter was handled by the Attorney General's Office as embodying a number of persons involved in a number of illegal and improper acts to bring about the fraud upon Capital Life.

We are unable to find in the record anything substantial upon which to support the contention of plaintiff that the statements were false and libelous, and are of opinion, therefore, that the verdicts and judgments appealed from should be set aside and judgment entered for the defendants; and it is so ordered. Reversed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.